## Case No. 5,852.

### GRUNNINGER v. PHILPOT et al.

[5 Biss. 82.] [1]

Circuit Court, N. D. Illinois. May, 1869.

PLEADING FAILURE OF CONSIDERATION — PARTIAL FAILURE—FRAUDULENT REPRESENTATIONS.

1. In this defense to a note the plea should allege distinctly and with precision the actual consideration, and that there never was any other.

2. The plea should set up to what extent and wherein there has been a failure.

3. Fraudulent representations should be fully stated, with all necessary incidents of time and circumstance, and also that the party entered into the contract and gave the note relying upon such representations.

[This was an action on a promissory note, brought by Alice B. Grunninger, as executrix, against Brian Philpot and others. Plaintiff demurs to the pleas.]

O. K. A. Hutchinson, for plaintiff.

Gookins & Roberts and John G. Rogers, for defendants.

DRUMMOND, District Judge. I think that these pleas should be amended.

The history of the case, as stated in the pleas, seems to be that several persons agreed to form a joint stock company, the capital of which was to consist of various oil wells which they were to run; that the deceased, whom the present executrix represents, agreed to be a party to this arrangement and transfer certain portions of his interest which he had in the oil wells and oil lands, etc., to this company; and that as a

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

part of the consideration of his entering into this agreement the note, which is the subject matter of this suit, was given by these defendants. The allegations set forth in the pleas are that the consideration has failed in whole or in part; also that there were some misrepresentations made by Mr. Grunninger.

The question is whether the account is presented with that distinctness and precision which the rules of pleading require in order to constitute a defense; and in looking over the pleas, to which the demurrer has been interposed, viz., the 3d, 4th, 5th, 6th and 7th pleas, it has struck me that they are wanting in that precision of language and distinctness of averment that are necessary. I will state, in the first place, what I understand to be the rule in such cases. When the defense is the failure of consideration to an action on a promissory note, either in whole or in part, the plea should allege distinctly and with precision what was the consideration for which the note was given, and that there was no other consideration. Where the plea alleges a total failure of consideration, it should also state that the consideration has failed, and should set forth in what respect, and where the plea alleges a partial failure of consideration it should set forth to what extent there has been a partial failure and wherein; not that as to the amount it is absolutely necessary that the proof should correspond with the plea in that respect, but the court should see from the averment in the plea to what extent there has been a failure of the consideration where a partial failure of consideration is relied upon. Where fraudulent representations are relied upon it must appear what they were, with all the necessary incidents of time and circumstance, and also that the party, relying upon the representations that were made, entered into the contract and gave the note, also of course alleging, as in the other case, what was the consideration, and the only consideration, of the note.

The third plea does not distinctly set forth what was the only consideration of the note, and it also sets forth that there was some fraud and deceit practiced by Mr. Grunninger; "that if they would purchase from him a certain interest which he pretended to have in certain oil lands situated in the county of Venango, Pa., for a certain price, he would become a party to the enterprise which is referred to in the second plea, upon the terms proposed in a writing obligatory," —which writing obligatory, by the way, is not very distinctly set forth. "And thereupon the said defendants executed to the said Lawrence Grunninger the said promissory note in the said first and second counts in said plaintiff's declaration mentioned." There is no statement here as to what was the only consideration upon which that note was given. What was the consideration? Why the note was executed is one thing. There may

have been a great many motives for the execution of the note; what is the consideration of the note is another thing, and it must be distinctly and substantially set forth. As has been suggested, there may be a bona fide debt due from one party to another which may be an open book account or in any other form, and from various motives the debtor may give a note. Now why he gave the note may be because the man asked him under particular circumstances, or at a particular time; but the consideration of the note would be an entirely different thing; it might be goods sold and delivered; or for land sold; or for any other good consideration.

The remaining pleas are all I think liable to the criticism of want of precision, in this respect, that they allege that Grunninger would pay into and contribute toward the assets of the company which was to be formed certain property; that Grunninger executed a certain writing; and that, to secure the payment of the sum of $3,000, so agreed to be paid by the defendants, the promissory note was given. And they allege that although the company was duly and within a reasonable time formed and incorporated, as proposed in the agreement, "yet that said Lawrence Grunninger did not nor would contribute toward the assets nor pay into the property of said company the property in said writing obligatory mentioned, but wholly refused so to do." It does not distinctly appear to what extent or in what respect there was a failure to comply with the obligation on the part of Grunninger as entered into by him, nor is the consideration for which the note was given set forth with that distinctness that I think is necessary.

I think the same objection exists to all the pleas. Where profert is made of an instrument in writing, and a question is made on that writing, it ought to be presented to the court, so that the court can see it. Demurrer sustained to the 3d, 4th, 5th, 6th and 7th pleas, with leave to amend.

[NOTE. Judgment was rendered for the plaintiff on final hearing. The case was then taken to the supreme court by writ of error, where the judgment of the circuit court was affirmed in an opinion by Mr. Justice Strong, who held that the consideration for the note sued upon was a past transaction, though the motive for its execution may have arisen later. 14 Wall. (81 U. S.) 570.]